**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tyrone PHILLIPS, Defendant–Appellant.**

No. 64382.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 3, 1995.

Talat Bashir, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Tyrone Phillips appeals the conviction of robbery in the first degree § 569.020 RSMo1986 and armed criminal action § 571.015 RSMo1986 in the Circuit Court of St. Louis County.

■ We review the facts in a light most favorable to the convictions. On December 30, 1991, a police informant arranged for William Crawford, Phillips' cousin, to sell cocaine to an undercover police officer. Crawford made the sale to the police officer. Later that evening, St. Louis County police officers obtained and executed a search warrant on the house where Crawford lived. The police seized eleven grams of cocaine, a quantity of marijuana and over forty balls of crack cocaine. The police then arrested both Crawford and Phillips, who was also at the house where the police had executed the search warrant.

The informant who had arranged the original sale worked at a Steak n' Shake restaurant. Three days after the arrest, Crawford telephoned the restaurant and asked the informant if he was responsible for the raid on his house. Phillips then threatened the informant over the telephone saying "I think you did have something to do with it, nigger, you better get another job or we going to kill you." A short time later, the informant received another call at the restaurant which he did not answer.

At about 2:25 a.m. on January 3, 1992, Phillips, Crawford and two other men entered the restaurant where informant was working. One of the men pulled out a gun. Upon spotting the informant, two other robbers drew guns. Phillips approached the informant with a .38 caliber firearm and said, "Freeze nigger, or I'm going to kill you." The informant then jumped out of the restaurant's drive-through window and left the scene.

The men proceeded to unplug the telephones in the restaurant, put a gun to the neck of the cashier, draw a gun on the manager and pistol-whip the manager. One of the men told the manager "Mother fucker, you got one minute to get upstairs, this is a robbery" and threatened the cashier that "you just don't know it, you're a dead man." The robbers ordered all of the employees to lie down on the floor.

When the employees could not find the keys to the cash register, one of the robbers fired a shot into the ceiling. After the keys were found, the men forced the manager to surrender four hundred dollars from two cash registers and two concealed cash boxes. The robbers, immediately prior to fleeing, warned the employees that if they looked up, they would be shot. They then fled.

On April 26–30, 1993, the case was tried before a jury in the Circuit Court of St. Louis County, the Honorable Larry L. Kendrick presiding. On April 30, 1993, the jury found Tyrone Phillips guilty of first degree armed robbery and armed criminal action. This appeal followed.

■ In his first point, Phillips alleges that the trial court committed error in admitting evidence of other crimes. He avers that he was prejudiced because the evidence: (1) distracted the jury from the true issues of the case; (2) painted him as a man of bad character and an associate of a drug dealer, having a propensity to commit crimes; (3) was more prejudicial than probative and transformed a robbery trial into a trial for drug charges; and (4) was unnecessary in such large volume to prove the motive or identification, if at issue.

■ The general rule is that evidence of other crimes is inadmissible to show a propensity to commit the crime charged. *State v. Harris,* 870 S.W.2d 798, 810 (Mo. banc 1994). However, it is a well established exception to the general rule that evidence of other crimes is admissible if it tends to establish motive or the identity of the perpetrator of the charged offense. *Id. State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). In addition, evidence of other crimes is also admissible if it pertains to the circumstances or sequence of events surrounding the charged offense or if it adds to the development of a complete and coherent picture of the charged

offense. *Harris,* 870 S.W.2d at 810. Furthermore, wide latitude is to be given in the development of motive. *State v. Mallett,* 732 S.W.2d 527, 535 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

However, evidence of uncharged crimes and offenses will be admissible under one of the exceptions only if the probative value outweighs the prejudice to the defendant. *State v. Kitson,* 817 S.W.2d 594, 597 (Mo.App.E.D.1991); *State v. Barnard,* 820 S.W.2d 674, 678 (Mo.App.W.D.1991). The determination of whether the relevance of the evidence outweighs any prejudice lies within the sound discretion of the trial court. *Mallett,* 732 S.W.2d at 534; *State v. Bannister,* 680 S.W.2d 141, 147 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). We will only find error if the trial court clearly abused its discretion. *State v. O'Dell,* 787 S.W.2d 838, 842 (Mo.App. E.D.1990).

In this case, Phillips was accused of robbing a restaurant. In order to explain Phillips' motive for the robbery and how a worker at the restaurant was able to identify him, the prosecution adduced evidence that Phillips committed the robbery to retaliate against the police informant who was working at the restaurant and who identified Phillips as one of the robbers. Part of this evidence showed that Phillips had been involved in an illegal narcotics sale. The trial court gave a limiting instruction to the jury that it should consider the evidence against Phillips only for the purpose of motive and identification and not for any other purpose.

The trial court properly allowed the prosecution latitude as provided in *Mallett, supra,* in developing Phillips' motive to retaliate against the police informant. The trial court, in the exercise of its discretion, under *Harris* and *Bernard, supra,* allowed evidence which established: (1) Phillips was arrested following an alleged cocaine sale set up by a police informant; (2) that three days after Phillips' arrest, he telephoned the informant at the restaurant and threatened to kill him; (3) that approximately thirty minutes after calling the restaurant, Phillips went to the restaurant and while brandishing a gun, threatened to kill the informant; (4) Phillips proceeded to rob the restaurant; and (5) the informant identified Phillips.

The evidence clearly was admitted to explain Phillips' motive for retaliating against the informant and to explain how the informant was able to identify Phillips. The limiting instruction given by the trial court remedied any potential problem of the jury considering the evidence in question for any other purpose.

Furthermore, because the evidence pertained to the sequence of events leading up to the actual robbery of the restaurant and helped develop a more complete and coherent picture of the robbery, the trial court had discretion under *Harris, supra,* to admit the evidence. The evidence regarding the surrounding circumstances brought out three important details: (1) the meaning of Phillips' phone call to the restaurant immediately prior to the robbery; (2) the significance of Phillips' threat to kill the informant during the robbery; and (3) the informant's ability to identify Phillips.

Phillips contends that motive and identification were not at issue in the trial. However, he offered an alibi defense and argued at trial that he had not been properly identified. The evidence in question, particularly regarding how the informant was able to identify Phillips, directly affects Phillips' alibi and identification arguments.

Accordingly, we find no abuse of discretion by the trial court in admitting the evidence of the uncharged crimes.

Appellant's second point alleges improper comment by the trial judge. Due to the filing of an amended transcript, this point has been rendered moot. From the amended transcript, it is clear that the prosecutor, not the court, asked the series of questions that had been placed at issue.

Our holding on appellant's first point is dispositive of his third point on appeal.

Conviction affirmed.

SMITH, P.J., and WHITE, J., concur.